# CIVIL COVER SHEET

JS 44 (Rev. 04/21)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Cancinooduaro, Luis, C

**(b)** County of Residence of First Listed Plaintiff: Cumberland County NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James A. Wells, Esquire, Gay Chacker & Ginsburg, P.C.
1731 Spring Garden Street, Philadelphia, PA 19130
(215) 567-7955

### DEFENDANTS
State of New Jersey Department of Corrections, et al
(See Attached List)

County of Residence of First Listed Defendant: Mercer County NJ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

### CIVIL RIGHTS
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983

Brief description of cause:
Civil Rights Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 2,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 07/01/25

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS C. CANCINOODUARO, | : |
| Plaintiff, | : |
| v. | :  NO. _____ |
| | : |
| STATE OF NEW JERSEY, DEPARTMENT OF CORRECTIONS | : |
| and | : |
| VICTORIA KUHN | : |
| And | : |
| RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY d/b/a UNIVERSITY CORRECTIONAL HEALTH CARE | : |
| and | : |
| ARTHUR BREWER | : |
| and | : |
| SOUTH WOODS STATE PRISON MEDICAL DIRECTOR | : |
| and | : |
| JOHN DOE SOUTH WOODS STATE PRISON MEDICAL PROFESSIONALS #1-10 | : |
| and | : |
| ABC COMPANIES #1-10 | : |
| Defendants. | : |

## COMPLAINT

Plaintiff, Luis C. Cancinooduardo ("Mr. Cancinooduardo") by and through his attorneys, Gay, Chacker & Ginsburg, P.C., hereby asserts the following Complaint against defendants, State of New Jersey, Department of Corrections ("defendant NJDOC"), Victoria Kuhn ("defendant Kuhn"), Rutgers, The State University of New Jersey d/b/a University Correctional Health Care ("defendant UCHC"), Arthur Brewer ("defendant Brewer"), South Woods State Prison Medical Director ("defendant Medical Director"), John Doe South Woods State Prison

Medical Professionals #1-10 ("Doe Medical Professionals"), and ABC Companies #1-10 ("ABC Companies")(all defendants collectively "defendants") as follows:

## Parties

1. Mr. Cancinooduaro is an adult individual residing at South Woods State Prison, 215 South Burlington Road, Bridgeton, NJ 08302.

2. Defendant NJDOC is the State of New Jersey, acting through the State of New Jersey Department of Corrections with a principal office at 20 West State Street, 6th Floor, Trenton, New Jersey 08625 and operating the South Woods State Prison located at 215 S. Burlington Road, Bridgeton, NJ 08302.

3. Defendant Kuhn is the Commissioner of the State of New Jersey Department of Corrections who at all relevant times was responsible for the establishment and implementation of policies and procedures for the operation and oversight of the New Jersey state prison system, including the South Woods State Prison with a principal office at 1300 Stuyvesant Avenue, Trenton, NJ 08618.

4. Defendant UCHC is an educational institution under contract with the State of New Jersey and/or the State of New Jersey Department of Corrections to provide all health services to inmates in the New Jersey prison system, including inmates at South Woods State Prison, and who was at all relevant times responsible for the establishment and implementation of policies and procedures regarding inmate medical care with a principal office at 57 US Highway 1, New Brunswick, NJ 08901-8554.

5. Defendant Brewer was at all relevant times the statewide medical director of defendant UCHC and was responsible for oversight of the state correctional health medical system and the establishment and implementation of policies and procedures regarding statewide

inmate medical care, including at South Woods State Prison.

6. Defendant Medical Director was at all relevant times the medical director at South Woods State Prison and was responsible for oversight of medical services at South Woods State Prison and for establishment and implementation of policies and procedures regarding inmate medical care at South Woods State Prison.

7. Defendants Doe Medical Professionals were at all relevant times treating medical providers of Mr. Cancinooduaro at South Woods State Prison.

8. Defendants ABC Companies are corporations or other business entities engaged in the business of providing medical services at jails and/or prisons and at all relevant times hereto were responsible for providing medical services at South Woods State Prison, for providing staff and overseeing medical treatment to inmates at South Woods State Prison, and for establishment and implementation of policies and procedures regarding inmate medical care at South Woods State Prison.

9. The individual defendants, including defendant Kuhn, defendant Brewer, defendant Medical Director, and the Doe Medical Professionals were at all relevant times acting as an agent, ostensible agent, servant, and/or employee of defendant NJDOC, defendant UCHC, and/or the ABC Companies and were acting within the course and scope of their agency or employment.

10. Defendant NJDOC, defendant UCHC and the ABC Companies at all relevant times acted or failed to act by and through their duly authorized agents, ostensible agents, servants and employees, including, but not limited to defendants Kuhn, Brewer, Medical Director and the Doe Medical Professionals.

11. Defendants NJDOC, UCHC, Doe Medical Professionals, and ABC Companies

shall be referred to herein as the "medical defendants".

## Jurisdiction

12. This action is brought pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code 1331, 1341 (1), (3) and (4), and 1343(a)(3), and 1343(a)(4). Plaintiffs further invoke the supplemental jurisdiction under 28 United States Code Section 1376(a) to hear and decide claims under state law.

## Facts

13. At all relevant times, Mr. Cancinooduaro was incarcerated at South Woods Prison.

14. Beginning in May and June of 2023, Mr. Cancinooduaro began to experience worsening symptoms, including but not limited to twitching in his left eye and numbness in his left arm.

15. After informing the medical defendants of his symptoms for approximately two weeks, Mr. Cancinooduardo was finally evaluated and was sent to an outside medical facility for x-ray studies that were purportedly normal.

16. During his incarceration at South Woods State Prison, Mr. Cancinooduaro was prescribed Warfarin which the medical defendants knew had to administered on a regular basis.

17. The medical defendants further knew that if Mr. Cancinooduaro did not receive Warfarin regularly in order to maintain adequate therapeutic levels, Mr. Cancinooduaro was at extreme risk for severe medical complications including but not limited to stroke.

18. Despite knowing the danger to Mr. Cacinooduaro if his Warfarin was not regularly administered and his INR levels were not adequately monitored, the medical

defendants deliberately and intentionally withheld Warfarin from Mr. Cancinooduaro and failed and refused to monitor his INR levels.

19. On or about July 9, 2023, Mr. Cancinooduaro suffered a massive stroke and was taken to an outside medical hospital for emergency medical treatment.

20. At the hospital, Mr. Cancinooduaro presented with complaints of left sided weakness and was diagnosed with a stroke.

21. The hospital medical providers noted that Mr. Cancinooduaro's subtherapeutic 1.4 INR level was the likely cause of the stroke.

22. Despite knowing that Mr. Cancinooduaro would suffer serious medical complications, including but not limited to stroke, if he did not receive adequate Warfarin, the medical defendants failed and/or refused to provide him with adequate and proper dosage of Warfarin and/or to monitor his INR levels to ensure he was receiving adequate dosage of Warfarin.

23. Despite knowing that early symptoms of stroke require prompt medical treatment to prevent the onset of stroke, the medical defendants failed and/or refused to promptly evaluate Mr. Cancinooduardo's stroke symptoms and/or to timely refer him for emergency medical treatment or evaluation by an appropriate medical specialist.

24. The failure of the medical defendants to provide appropriate medical care and attention resulted in severe injury and harm to Mr. Cancinooduaro.

25. The failure of the medical defendants to ensure that proper medical treatment and attention was provided to Mr. Cancinooduaro and that he was properly monitored resulted in severe injury and harm to Mr. Cancinooduardo.

26. At no time did the medical defendants take steps to ensure that Mr.

Cancinooduaro received necessary medical care and attention related to administration of Warfarin, monitoring of his INR levels and/or stroke symptoms.

27. The medical defendants were on notice of Mr. Cancinooduaro's need for adequate and proper Warfarin administration, INR monitoring, and/or evaluation for stroke symptoms and, with deliberate indifference, failed to take steps to ensure that he received the necessary care and treatment.

28. At all times relevant to this Complaint, defendants NJDOC, Kuhn, UCHC, Brewer, Medical Director, and the ABC Companies, with deliberate indifference, failed to develop and implement policies, practices, and procedures to ensure that detainees and/or inmates, including Mr. Cancinooduardo, would receive adequate and proper dosage of Warfarin and timely treatment for stroke symptoms.

29. The harms suffered by Mr. Cancinooduardo are the direct and proximate result of the policy, practice, and custom of defendants NJDOC, Kuhn, UCHC, Brewer, and the ABC Companies to prevent inmates, including Mr. Cacinooduardo, from receiving adequate and proper dosage of Warfarin, adequate and proper monitoring, and timely treatment for stroke symptoms.

30. At all times relevant to this Complaint, all defendants were deliberately indifferent to the serious medical needs of Mr. Cancinooduardo.

31. At all times relevant to this Complaint, the conduct of all defendants, their agents, servants and/or employees, was intentional, willful, reckless, and grossly negligent with respect to Mr. Cancinooduardo's rights under federal and state law.

32. As a direct and proximate result of defendants' conduct, Mr. Cancinooduaro suffered injuries that include stroke, severe disabilities, and various other ills and injuries.

33. The actions and inactions of defendants increased the risk of harm and caused harm to Mr. Cancinooduardo.

34. As a direct and proximate result of defendants' conduct, Mr. Cancinooduardo has suffered and will continue to suffer in the future great pain and suffering, embarrassment, humiliation, emotional distress, disfigurement, and loss of the enjoyment of life.

35. As a direct and proximate result of defendants' conduct, Mr. Cancinooduardo has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

36. As a direct and proximate result of defendants' conduct, Mr. Cancinooduardo has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

37. As a direct and proximate result of defendants' conduct, Mr. Cancinooduardo has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

38. Without any regard for Mr. Cancinooduardo's safety, the medical defendants ignored Mr. Cancinooduardo's medical condition and denied him medical treatment that he desperately needed.

39. As a direct and proximate result of the defendants' actions, Mr. Cancinooduardo was deprived of rights, privileges and immunities under the Eight and/or Fourteenth Amendments to the United States Constitution and in particular the right to be free from cruel and unusual punishment and the right to be provided proper and adequate medical treatment.

## COUNT ONE
### Plaintiff v. Medical Defendants
### Federal Constitutional Claims

40. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, inclusive, of his Complaint as if the same were set forth at length herein.

41. The medical defendants were deliberately indifferent to Mr. Cancinooduardo's serious medical needs and thereby violated Mr. Cancinooduardo's right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and/or Mr. Cancinooduardo's right to due process of law under the Fourteenth Amendment to the United States Constitution.

42. As a direct result of the actions and inactions of the medical defendants and correctional officer defendants, Mr. Cancinooduardo suffered the harm and damages set forth above.

## COUNT TWO
### Plaintiff v. Defendants NJDOC, Kuhn, UCHC, Brewer, Medical Director and the ABC Companies
### Federal Constitutional Claims

43. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, inclusive, of his Complaint as if the same were set forth at length herein.

44. As a direct and proximate result of all defendants' conduct, committed under color of state law, and the deliberate indifference of the defendants to Mr. Cancinooduardo's serious medical needs, Mr. Cancinooduardo was denied the right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and/or the Fourteenth Amendment to the United States Constitution. As a result, Mr. Cancinooduardo suffered harm in violation of his rights under the laws and Constitution of the United States and 42 U.S.C. §1983.

45. The violations of Mr. Cancinooduardo's constitutional rights, Mr. Cancinooduardo's damages, and the conduct of the medical defendants were directly and proximately caused by the deliberate indifference of defendants NJDOC, Kuhn, UCHC, Brewer, Medical Director, and the ABC Companies County defendants to the need for training, supervision, investigation, monitoring, or discipline with respect to the provision of medical care to inmates.

46. The violations of Mr. Cancinooduardo's constitutional rights, Mr. Cancinooduardo's damages, and the conduct of the medical defendants were directly and proximately caused by the encouragement, tolerance, ratification of, and/or deliberate indifference of defendants NJDOC, Kuhn, UCHC, Brewer, Medical Director, and the ABC Companies to policies, practices, and/or customs of refusing, delaying, failing to coordinate, or otherwise interfering with inmates' necessary treatment for serious medical needs.

47. The violations of Mr. Cancinooduardo's constitutional rights, Mr. Cancinooduardo's damages, and the conduct of the medical defendants were directly and proximately caused by the failure of defendants NJDOC, Kuhn, UCHC, Brewer, Medical Director, and the ABC Companies, with deliberate indifference, to develop and implement policies, practices, and procedures to ensure that inmates receive adequate and proper administration of medication, including Warfarin, and adequate and proper monitoring of medication blood levels to ensure therapeutic dosage, including adequate and proper INR monitoring of inmates prescribed Warfarin.

48. As a direct result of the actions and inactions of defendants NJDOC, Kuhn, UCHC, Brewer, Medical Director, and the ABC Companies, Mr. Cancinooduardo suffered the harm and damages set forth above.

## COUNT THREE
### Plaintiff v. All Defendants
**Supplemental State Law Claims for Negligence and Violation of The New Jersey Civil Rights Act, N.J.S.A. § 10-6-1, 2.**

49. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, inclusive, of his Complaint as if the same were set forth at length herein.

50. The medical defendants had a duty to comply with generally accepted medical standards of care in their treatment of Mr. Cancinooduardo.

51. The medical defendants violated their duty of care to Mr. Cancinooduardo.

52. The medical defendants' violations of their duty of care to plaintiff was a direct and proximate cause and a substantial factor in bringing about Mr. Cancinooduardo's damages outlined above, and, as a result, the medical defendants are liable to plaintiff.

53. The medical defendants were deliberately indifferent to Mr. Cancinooduardo's serious medical needs and thereby violated Mr. Cancinooduardo's right to be free from cruel and unusual punishment under Article I Paragraph XII of the New Jersey State Constitution.

54. The violations of Mr. Cancinooduardo's constitutional rights, Mr. Cancinooduardo's damages, and the conduct of the medical defendants were directly and proximately caused by the deliberate indifference of defendants NJDOC, Kuhn, UCHC, Brewer, Medical Director, and the ABC Companies to the need for training, supervision, investigation, monitoring, or discipline with respect to the provision of medical care to inmates.

55. The violations of Mr. Cancinooduardo's constitutional rights, Mr. Cancinooduardo's damages, and the conduct of the medical defendants were directly and proximately caused by the encouragement, tolerance, ratification of, and/or deliberate indifference of defendants NJDOC, Kuhn, UCHC, Brewer, Medical Director, and the ABC Companies to policies, practices, and/or customs of refusing, delaying, failing to coordinate, or

otherwise interfering with inmates' necessary treatment for serious medical needs.

56. The violations of Mr. Cancinooduardo's constitutional rights, Mr. Cancinooduardo's damages, and the conduct of the medical defendants were directly and proximately caused by the failure of defendants NJDOC, Kuhn, UCHC, Brewer, Medical Director, and the ABC Companies, with deliberate indifference, to develop and implement policies, practices, and procedures to ensure that inmates receive adequate and proper administration of medication, including Warfarin, and adequate and proper monitoring of medication blood levels to ensure therapeutic dosage, including adequate and proper INR monitoring of inmates prescribed Warfarin.

57. As the medical defendants were acting as agents, servants, and/or employees of defendants NJDOC, UCHC, and the ABC Companies, and were acting within the scope and course of their employment, and under the direct control and supervision of defendants NJDOC, UCHC, and the ABC Companies, said defendants are liable to plaintiff on the basis of *respondeat superior* liability.

58. As a direct result of the actions and inactions of the defendants, Mr. Cancinooduardo suffered the harm and damages set forth above.

## REQUESTED RELIEF

Wherefore, Plaintiff respectfully requests:

1. Compensatory damages;

2. Punitive damages;

3. Reasonable attorneys' fees and costs;

4. Such other and further relief as may appear just and appropriate.

5. Plaintiff hereby demands a jury trial as to each count and each defendant.

                                              JAMES A. WELLS, ESQUIRE
                                              GAY, CHACKER & GINSBURG, P.C.
                                              1731 Spring Garden Street
                                              Philadelphia, PA  19130
                                              (215) 567-7955
                                              fax: (215) 567-6809
                                              james@gayandchacker.com
                                              **Attorneys for Plaintiff**
                                              **Luis F. Cancinooduardo**

Date:   July 1, 2025